IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

**vs.**              No. 24-CR-032 MV

**FRANCISCO DIAZ,**
    **Defendant.**

### DEFENDANT FRANCISCO DIAZ'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE REFERENCES TO GOVERNMENT MISCONDUCT (DOC. 28)

COMES NOW, Defendant Francisco Diaz, by and through his counsel of record, Erlinda O. Johnson, and hereby notifies the Court and opposing counsel that neither Mr. Diaz nor his counsel intends to make references or argument at trial regarding the legality of the search warrant and if Mr. Diaz's confession is not suppressed, to the constitutionality of Mr. Diaz's statement. However, the defense reserves the right to cross-examine government witnesses regarding any inconsistencies or misrepresentations made in their reports, search warrant or during testimony at any suppression hearing. Fed.R.Evid. 607, 608(b).

Additionally, the defense must allowed to challenge the sufficiency of the government's case. If the government has not met its burden, it is the duty of defense counsel in providing "reasonably effective assistance" to defendant to point out the government's failings and the deficiency of evidence to the jury. *See Strickland v. Washington*, 466 U.S. 668, 687-689 (1984) (outlining the requirements of effective assistance of criminal defense counsel as including "the duty to advocate the defendant's cause."); *see also Powell v. Alabama*, 287 U.S. 45, 69 (1932) (In exercising his right to be heard, the layperson defendant requires the aid of counsel to avoid being

"convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible.").

Second, arguments regarding the quality of the government investigation goes to the very reliability of the evidence the government does actually present at trial. *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998) (citing *Lowenfield v. Phelps*, 817 F.2d 285, 291-92 (5th Cir. 1987)). This Honorable Court has held that the Tenth Circuit's findings in *McVeigh*, regarding the relevance of the quality of the government's investigation "should not be taken to suggest that questioning the integrity of the government's investigation would never be proper." *United States v. Perrault*, No. 17-02558-MV-1, 2019 U.S. Dist. LEXIS 50383, at *3 (D.N.M. Mar. 26, 2019). There, this Court stated, "[t]he quality or bias of the government's investigation that produces the evidence that is submitted to the jury may affect the reliability of the evidence and would therefore be relevant information." *Id.* (string cite omitted); *see also United States v. Charley*, No. 1:19-cr-00940-JCH, 2020 U.S. Dist. LEXIS 49093, at *30 (D.N.M. Mar. 20, 2020) (same).

> The quality or bias of the government's investigation may bear on the quality of the government's witnesses and, 'perhaps more importantly, the weight to be given to evidence produced by [the] investigation.' [*United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir. 2000)].

*Perrault*, 2019 U.S. Dist. LEXIS 50383, at *3-4. Evidence regarding the quality of the government's investigation which "point[s] to a specific failure of the government investigation that is tethered to a relevant issue" "has been allowed in cases to generally cast doubt on the government's case." *Id.* at *5.

"In every criminal case, the mosaic of evidence that comprises the record before a jury includes both the evidence *and* the lack of evidence on material matters. Indeed, it is the absence of evidence upon such matters that may provide the reasonable doubt that moves a jury to

2

acquit." *United States v. Poindexter,* 942 F.2d 354, 360 (6th Cir. 1991) (reversing trial court's decision to prevent defense counsel from commenting on prosecution's failure to introduce fingerprint test results that did not reveal defendant's prints on contraband). To prohibit the defense from introducing evidence and argument about the quality of the government's investigation would be to deny the defense the right to subject the government's case to the crucible of adversarial testing.

      Wherefore, for the foregoing reasons Mr. Diaz respectfully requests this Court allow the defense to cross examine government witnesses regarding the integrity and quality of the government's investigation.

                                  Respectfully Submitted,

                                  Electronically filed on 1-19-24
                                  Erlinda O. Johnson
                                  Attorney for Francisco Diaz
                                  620 Roma Ave. N.W.
                                  Albuquerque, N.M. 87102
                                  (50) 792-4048

I hereby certify that a true
and correct copy of the foregoing
was e-mailed to AUSA Hirsch
on this _19th__ day of January 2024.

Electronically filed on 1-19-24
Erlinda O. Johnson
Attorney at Law