# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                    No. 24-CR-0032 MV

FRANCISCO DIAZ,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Francisco Diaz's Motion Pursuant to Fed. R. Crim. P. 12(b) to Dismiss Count II of the Indictment. Doc. 22. The government filed a Response [Doc. 25] and the defense filed a Reply [Doc. 36]. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and will be denied.

## BACKGROUND

On January 9, 2024, a two-count Indictment was returned against Mr. Diaz, charging him with Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Doc. 2. The defense's motion seeks to dismiss Count II of the Indictment, Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Doc. 22 at 1.

The defense's motion alleges the following facts, which the government does not dispute. On September 3, 2019, agents with the Drug Enforcement Administration (DEA) and the Region III Narcotics task force executed a search warrant at Francisco Diaz's home at 7 Josephine Road, Santa Fe, New Mexico. Doc. 22. at 1. The search warrant did not allege that Mr. Diaz was known

to carry or possess firearms. *Id.* Prior to executing the warrant, officers observed Mr. Diaz exit his property at approximately 5:45 a.m. *Id.* Santa Fe County Police conducted a traffic stop of Mr. Diaz's vehicle approximately thirteen miles from his home. *Id.* at 2. During the stop, agents informed Mr. Diaz that they had a search warrant for his residence and Mr. Diaz returned to the residence with them. *Id.* At the time of the traffic stop, Mr. Diaz did not have any firearms or drugs on his person. *Id.* At approximately 6:08 a.m., DEA agents breached the front door of Mr. Diaz's residence and entered the home. *Id.* Mr. Diaz arrived at the home at 6:21 a.m. and about five minutes after his arrival, he was questioned by DEA agents in the master bedroom of the residence. *Id.* Mr. Diaz informed the agents that there was a bag of cocaine on the floor of the master bedroom closet, behind the door, where agents found several clear zip-loc baggies containing a white powdery substance. *Id.* The agents found four cocaine kilogram wrappers in the closet and also seized $10,280 in cash from Mr. Diaz's desk in the master bedroom. *Id.* Agents allege that Mr. Diaz admitted that he was selling cocaine. *Id.* When asked if there were any firearms in the house, Mr. Diaz told agents that there were two firearms in a closed cabinet in the master bedroom and agents then seized two semi-automatic pistols from the cabinet. *Id.* Agents also seized another semi-automatic pistol from a small shed in the front yard of the property. *Id.* Mr. Diaz was not a convicted felon and was not prohibited from possessing firearms. *Id.* As of the filing of the motion, the government has not presented any evidence that Mr. Diaz was seen with a firearm, nor any evidence that he threatened anyone or ever brandished a firearm in the course of any alleged drug trafficking crimes. *Id.*

Mr. Diaz moves the Court to dismiss Count II of the Indictment because the above undisputed facts, as a matter of law, are insufficient to support a charge of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Doc. 22 at 10.

## DISCUSSION

Under Rule 12(b) of the Federal Rules of Criminal Procedure, a party may make a pretrial motion to dismiss an indictment due to its failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). When analyzing an indictment's legal sufficiency, courts generally refrain from looking beyond the four corners of the indictment. *United States v. Hall,* 20 F.3d 1084, 1087 (10th Cir. 1994). However, "it is permissible and may be desirable where the facts are essentially undisputed, for the district court to examine the factual predicate for an indictment to determine whether the elements of the criminal charge can be shown sufficiently for a submissible case." *Id.* (quoting *United States v. Brown,* 925 F.2d 1031 (10th Cir. 1991)). The Tenth Circuit has accordingly held that a district court may "dismiss charges at the pretrial stage under the limited circumstances where the operative facts are undisputed, and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." *Id.* at 1088. "Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted." *United States v. Todd,* 446 F.3d 1062, 1068 (10th Cir. 2006).

18 U.S.C. § 924(c)(1)(A)(i) provides that any person who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be sentenced to a term of imprisonment of not less than five years. 18 U.S.C. § 924 (c)(1)(A)(i). "A violation for possession in furtherance, requires the government to show that the weapon furthers, promoted, or advanced a drug trafficking crime." *United States v. Rogers,* 556 F.3d 1130, 1140 (10th Cir. 2009) (quoting *United States v. Luke-Sanchez,* 483 F.3d 703, 706 (10th Cir. 2007))). Accordingly, the government must "establish some nexus between

the firearms and the underlying drug trafficking crime." *Id.* Although the mere possession of a firearm is insufficient to show that the firearm was possessed in furtherance of a drug trafficking crime, the Tenth Circuit has held that the "nexus" requirement is satisfied when the government shows that "a defendant intentionally kept a firearm available while conducting a drug transaction." *Rogers,* 556 F.3d at 1140; *see also United States v. Robinson,* 435 F.3d 1244, 1251 (10th Cir. 2006) (government may prove "possession in furtherance" of drug trafficking by showing firearm is kept available for use if needed during a drug transaction). "The intent to possess the weapon to further the drug trafficking crime is generally proven through circumstantial evidence, such as the type of drug activity being conducted, the accessibility of the firearm, the type of firearm, the legal status of the firearm, whether the firearm is loaded, the proximity of the firearm to drugs or drug profits, and the time and circumstances under which the firearm is found." *Id.* (quotations omitted).

The defense argues that, as a matter of law, the undisputed facts are insufficient to support a charge of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Doc. 22 at 10. The defense's arguments are unavailing and appear to be an attempt to "test the strength or weakness of the government's case, or the sufficiency of the government's evidence" ahead of trial, even though the Tenth Circuit has noted that this cannot be the function of pre-trial challenges to an indictment. *Todd,* 446 F.3d at 1067. Namely, the defense argues that the evidence at this time only shows that legally possessed handguns were located on the top shelf of a closed cabinet in the same master bedroom closet as the seized cocaine. Doc. 22 at 9. The defense cites to case law that demonstrates that such evidence, without more, cannot support a charge of possession in furtherance of a drug trafficking crime. *Id.* at 7 (citing *United States v. Iiland,* 254 F.3d 1264, 1271 (10th Cir. 2001); *United States v. Ceballos-Torres,* 218 F.3d 409, 414 (5th Cir. 2000), amended

on rehearing in part, 226 F.3d 651 (5th Cir. 2000); *United States v. Monzon,* 429 F.3d 1268 (9th Cir. 2005)). That may well be true, but the defense's argument ignores that a Rule 12(b) dismissal is proper where the undisputed facts demonstrate that the elements of the crime *cannot* be proven as a matter of law, not where there is merely insufficient evidence to establish the elements when the motion is filed. *Hall,* 20 F.3d at 1087. For instance, in *United States v. Brown,* the indictment alleged that the defendant had violated 18 U.S.C. § 2314 by transporting a computer program with a source code that was the exclusive product of a company named The Software Link. 925 F.3d 1301, 1305 (10th Cir. 1991). However, the Supreme Court had recently held in *Dowling v. United States* that 18 U.S.C. § 2314 required "a physical identity between the items unlawfully obtained and those eventually transported, and hence some prior *physical taking* of the subject goods. 473 U.S. 207, 216 (1985) (emphasis added). The government in *Brown* admitted that it could not show that the defendant had taken and transported any physical item, such as a hard drive, across state lines. 925 F.3d at 1305. Instead, the computer program that the defendant had transported was an "intangible intellectual property."  Because the undisputed facts thus showed that there was no taking or transportation of a physical object, the Court concluded, as a matter of law, that the defendant could not have been guilty of a violation of 18 U.S.C. § 2314. *Id.* at 1308.

In contrast to *Brown*, the defense has not shown that the government cannot, as a matter of law, prove that Mr. Diaz possessed a firearm in furtherance of a drug trafficking crime. As noted above, the possession in furtherance element may be proven by circumstantial evidence of the defendant's intent to keep the firearm accessible while conducting a drug transaction. The defense argues that the government has insufficient evidence to prove the nexus between the drug trafficking crime and the possession of firearms but has raised no arguments that suggest the government categorically *cannot* prove the nexus required under the statute. The government may,

for instance, establish the nexus via expert testimony (*Rogers,* 556 F.3d at 1140), by connecting the possession of the firearms to the quantity of drugs found in the home (*United States v. McCullough,* 457 F.3d 1150, 1170 (10th Cir. 2006)), or by presenting evidence of potential motive to keep a firearm accessible during drug transactions (*United States v. Garza,* 566 F.3d 1194, 1201 (10th Cir. 2009)).

With respect to the accessibility of the guns, the defense argues that the handguns were not readily accessible to Mr. Diaz when he was stopped 13 miles from his residence. However, this fact is inapposite, as what matters is whether the guns were readily accessible when Mr. Diaz allegedly conducted drug transactions. *See, e.g., Rogers,* 556 F.3d at 1140; *Garza,* 566 F.3d at 1201. The defense has not presented any evidence or argument that indicates the government cannot prove that the guns were readily accessible during the alleged transactions. *Rogers,* 556 F.3d at 1140 (accessibility established where officer witnessed defendant leave the hotel suite where guns and drugs were found). Thus, as opposed to the facts in *Brown* where the government conceded it could not prove a physical taking, it is still possible for the government to prove at trial that Mr. Diaz's conduct satisfied the requirements of 18 U.S.C. § 924(c)(1)(A)(i).

In sum, the defense's motion seeks to test the sufficiency of the government's evidence rather than present a legal challenge to the indictment by showing that the defendant, as a matter of law, could not have committed the offense charged. The Tenth Circuit has explicitly noted that it is improper for Courts to weigh the sufficiency of the evidence at this stage. *Todd,* 446 F.3d at 1067. Accordingly, the defense's motion must be denied.

## CONCLUSION

The Court finds that the defense has failed to show that the government cannot prove that Mr. Diaz committed the offense charged in Count II of the Indictment, namely Possession in

Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i).

**IT IS THEREFORE ORDERED** that the defense's Motion to Dismiss Count II of the

Indictment, Pursuant to Fed. R. Crim. P. 12(b) is denied.

ENTERED this 25th day of January, 2024.

_____

MARTHA VAZQUEZ

SENIOR UNITED STATES DISTRICT JUDGE