UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      No. 24-CR-0032 MV

FRANCISCO DIAZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER is before the Court on Francisco Diaz's Motion to Suppress Evidence Derived from Search Warrant for Electronically Stored Data Stored on Mr. Diaz's iCloud with Apple, Inc. Doc. 17. The government filed a Notice of Self-Suppression in which it represented that it will not seek to introduce evidence from Mr. Diaz's iCloud in its case-in-chief but reserves the right to introduce the iCloud data to impeach Mr. Diaz, should he choose to testify. Doc. 48 at 1–2. The defense did not file a reply. Since the government does not intend to introduce the iCloud evidence in its case-in-chief, the defense's Motion is **MOOT.**

    The government is permitted to use the iCloud data as impeachment evidence against Mr. Diaz, should he choose to testify. *United States v. Havens,* 446 U.S. 620, 627–28 (1980) (illegally obtained evidence is admissible to impeach the defendant even if inadmissible in the government's case-in-chief). The government agrees that pursuant to *James v. Illinois,* 493 U.S. 307, 315 (1990), it may not impeach defense witnesses other than Mr. Diaz with evidence from the iCloud data. However, the government seeks an order from the Court allowing the government to rely on the evidence to cross-examine defense witnesses. Doc. 97 at 1. The defense argues that *James* did not

1

create any exceptions for cross-examination without explicit impeachment of the witness. Doc. 95 at 4. In general, "no more than a good faith predicate is ever required for a cross-examination question." *United States v. Rivera,* 665 F. App'x 713, 715 (10th Cir. 2016). However, the *James* Court refused to expand the impeachment exception to the exclusionary rule to defense witnesses because doing so "would significantly weaken the exclusionary rule's deterrent effect on police misconduct." 493 U.S. at 317. Thus, it is arguable that allowing the government to rely on illegally obtained evidence for cross-examination purposes, even without permitting the government to formally introduce the evidence for impeachment, would undermine the deterrent value of the *James* ruling. As the Supreme Court noted, "we must focus on systemic effects of proposed exceptions to ensure that individual liberty from arbitrary or oppressive police conduct does not succumb to the inexorable pressure to introduce all incriminating evidence, no matter how obtained, in each and every criminal case." *Id.* at 319–20. Asking a witness a cross-examination question about an illegally obtained text message, as the government proposes to do here, assuming that the witness would answer truthfully, would result in a backdoor path to improperly introducing otherwise suppressed evidence.[1] Furthermore, the need for such cross-examination to question a witness's credibility is mitigated by the fact that "a subsequent criminal prosecution for perjury is . . . likely to deter a witness from intentionally lying on a defendant's behalf." 493 U.S. at 314. !!!

**IT IS THEREFORE ORDERED THAT** Mr. Diaz's Motion to Suppress Evidence Derived from Search Warrant for Electronically Stored Data Stored on Mr. Diaz's iCloud with Apple, Inc. [Doc. 17] is **MOOT**. It is further ordered that the government may use the iCloud

---

[1] In this case, the evidence is self-suppressed and the Court has made no ruling on the legality of the actions taken to obtain the iCloud data. However, the Court assumes the evidence was illegally obtained in order to illustrate that larger issue of the deterrent value of the exclusionary rule.

data to impeach the defendant, but cannot use it to impeach other defense witnesses, nor rely on it for cross-examination.

ENTERED this 15th day of February, 2024.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE