UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                 No. 24-CR-0032 MV

FRANCISCO DIAZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the government's Notice of Amended Objections to Defendant's Witness List. Doc. 92. Having considered the briefs and relevant law, and being otherwise fully informed, the Court will order Mr. Diaz to permit the government to inspect the master bedroom closet of his home.[1]

## DISCUSSION

Mr. Diaz intends to call Paula Sanchez-Knudsen, a private investigator, to testify about follow-up investigations she conducted about the firearms seized on September 3, 2019 from the master bedroom closet, security cameras at Mr. Diaz's home, and her follow-up investigation on the government's investigation and evidence. Doc. 78 at 2. The government initially objected to any testimony by Ms. Sanchez-Knudsen because defense counsel failed to timely disclose Ms. Knudsen's notes and because the testimony would not be relevant. Doc. 92. The government has since withdrawn its objection regarding her testimony about Mr. Diaz's closet but requests an order from the Court permitting the government to inspect the closet pursuant to Rule 16(b)(1)(A). Doc. 106 at 15. Federal Rule of Criminal Procedure requires a defendant to "permit the government,

---

[1] The remainder of the government's objections the defense's witnesses will be addressed in a separate Memorandum Opinion and Order.

1

upon request, to inspect . . . buildings or places, . . . if: (i) the item is within the defendant's possession, custody, or control, and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A). Mr. Diaz has represented that Ms. Sanchez-Knudsen took measurements of the closet and will testify "about numerous issues relative to the government's investigation, including items depicted on several government exhibits and the government's evidence processing and submission." Doc. 99 at 2. The closet is highly relevant to this case because that is where agents discovered the cocaine and firearms, which form the bases of the instant charges. Thus, it appears that Mr. Diaz will be discussing the measurements of the closet in his case-in-chief at trial and Mr. Diaz has not objected to the government's request. Therefore, the government is entitled to inspect the closet. The Court thus orders that Mr. Diaz permit the government to inspect the closet in his master bedroom.

**IT IS THEREFORE ORDERED THAT:** Mr. Diaz will permit the government to inspect the closet in the master bedroom of his home.

ENTERED this 22nd day of February 2024.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE