## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                 No. 24-CR-0032 MV

FRANCISCO DIAZ,

      Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the government's Motion *in Limine* to Preclude Defense Expert Testimony [Doc. 49]. Having considered the briefs and relevant law, having heard oral argument, and being otherwise fully informed, the Court finds that the Motion is not well-taken and will be denied, consistent with this Memorandum Opinion and Order.

### BACKGROUND

On September 3, 2019, Drug Enforcement Administration ("DEA") agents found a substance that they believed to contain cocaine in Mr. Diaz's bedroom closet. Brandon Wilson, a Senior Forensic Chemist with the DEA's South Central Laboratory, later tested the substance seized from Mr. Diaz's closet and determined that it did, in fact, contain cocaine. On January 13, 2024, Mr. Diaz filed a Notice of Expert Witness Testimony for Jane Arvizu (the "Notice"), a "chemist and laboratory quality expert with over thirty (30) years of technical and program management experience in laboratory operations and management, quality assurance, and interdisciplinary analytical programs." Doc. 19. Mr. Diaz included with his Notice Ms. Arvizu's Curriculum Vitae and a Report prepared by her on January 10, 2024. *Id.* In the Report, Ms. Arvizu stated her opinion that "[t]he discovery records provided in this case do not support a conclusion that the qualitative and quantitative analyses of substances" conducted by Mr. Wilson "were

1

performed in accordance with the requirements of applicable consensus standards designed to ensure the reliability and usability of test results." Doc. 19-2.  In support of that opinion and relevant here, Ms. Arvizu stated, *inter alia*, that "[t]he available discovery did not include a number of items that are necessary for an independent party to evaluate whether the laboratory's testing was conducted in accordance with relevant standards, and in accordance with its own requirements." She also noted that "[n]o method validation records were provided," "no records" of "formal written procedures . . . were provided," and "[i]ndividual instrument validation reports were not provided." *Id.*

The government filed the instant motion requesting an order to exclude Ms. Arvizu's proposed testimony at trial. Doc. 49. Mr. Diaz filed a response in opposition to the government's motion, Doc. 60, and the government's reply followed, Doc. 64. During the pretrial conference on February 12, 2024, the Court heard argument from the parties.

## STANDARD

Under Rule 702 of the Federal Rules of Evidence, witnesses with the requisite "knowledge, skill, experience, training, or education" may provide expert testimony if the proponent demonstrates to the court that it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Thus, the proponent of the expert testimony has the burden of showing that it is admissible by a preponderance of the evidence.  *Daubert v. Merrell Down Pharmaceuticals, Inc.*, 509 U.S. 579, 592 n. 10 (1993); *United States v. Orr,* 692 F.3d 1079, 1091 (10th Cir. 2012); Fed. R. Evid. 702 advisory committee's note.

In assessing the admissibility of a proposed expert's testimony, a trial court "generally must first determine whether the expert is qualified." *United States v. Avitia–Guillen*, 680 F.3d 1253, 1256 (10th Cir. 2012) (internal quotations and citations omitted). "If the expert is sufficiently qualified, then the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." *Id*. To be admissible under Rule 702, evidence must be both relevant and reliable. *Daubert*, 509 U.S. at 589. The trial judge is to maintain a gatekeeping function, only admitting evidence that is both relevant and reliable. *Id*. at 597. The Supreme Court in *Kumho Tire Co., Ltd. v. Carmichael* extended the holding in *Daubert* such that the trial judge's gatekeeping function applies not only to testimony based on scientific knowledge but also to testimony based on technical and other specialized knowledge. 526 U.S. 137, 141 (1999). Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. In the context of Rule 702, the expert must provide testimony based on their specialized knowledge that is "beyond the ken of the average juror." *United States v. Michael*, No. CR 06-1833, 2007 WL 9657855, at *3 (D.N.M. Nov. 15, 2007) (quoting *United States v. Tapia-Ortiz*, 23 F.3d 738, 740–41 (2d Cir. 1994)). In other words, to be relevant, the expert's testimony must "help the trier of fact to understand evidence or determine a fact in issue." Fed. R. Evid. 702(a).

## DISCUSSION

In support of the instant motion, the government argued in its moving brief that Ms. Arvizu's testimony should be precluded for the principal reason that the stated bases for her opinions, as set forth in the Notice, are in actuality "complaints about the materials provided by the DEA" and "missing documents," and thus all she can do at trial is "complain she did not receive materials she considers important in auditing a laboratory." Doc. 49 at 6. Accordingly, the

government insisted, Ms. Arvizu's testimony would not be probative of any relevant fact under Rules 401 or 403 and would not be based on sufficient facts or data as required by Rule 702. *Id.*

In his response in opposition, Mr. Diaz contended that Ms. Arvizu in fact will testify that based on her review of the data underlying the chemists' analyses, the reported determination of cocaine is not supported by a valid analytical method using objective criteria. Doc. 60 at 5. Mr. Diaz also asserted that Ms. Arvizu is qualified as a quality assurance expert. *Id.* at 4.

In its reply, the government countered that, regardless of Mr. Diaz's representations in his briefing, the Notice itself makes clear that Ms. Arvizu's opinions are (improper) complaints about documents that she did not receive. Doc. 64 at 2. Additionally, the government conceded that Ms. Arvizu is an expert in the field of quality assurance as it relates to laboratories, but did not equally agree that she is qualified as an expert in forensic chemistry. *Id.* at 1.

At the hearing, Mr. Diaz reiterated his position that Ms. Arvizu's testimony will be based solely on her review of the documents that she did receive. In response, the government argued that, if this is indeed the case, Mr. Diaz should be directed to update his expert notice accordingly. The Court held that Ms. Arvizu may not testify as to documents that were not provided, and ruled that the Notice, as written, improperly indicated that Ms. Arvizu's testimony would be based not only on what was provided but also on what was not provided. Accordingly, the Court granted Mr. Diaz leave to amend the Notice. The Court advised that it retained the option of excluding Ms. Arvizu if the amended notice did not remedy the deficiencies of the Notice.

Thereafter, on February 13, 2024, Mr. Diaz filed his Amended Notice of Expert Witness Testimony ("Amended Notice"). Doc. 93. The Amended Notice states that "Ms. Arvizu is expected to testify, *inter alia*, that based on her knowledge and expertise, [] the qualitative and the quantitative analyses of the substances reported by the Drug Enforcement Administration South

Central laboratory in this matter were not performed in accordance with the requirements of applicable consensus standard designed to ensure reliability and usability of test results." *Id.* at 2. Further, the Amended Notice indicates that Ms. Arvizu's opinions are based on her expertise in "established laboratory testing procedures and protocols and common practices of collecting and preserv[ing] evidence." *Id.*

In the February 13, 2024 Report attached to the Amended Notice, Ms. Arvizu opines that "[t]he records provided in this case demonstrate that the qualitative identification of cocaine reported by the DEA South Central in [this] case was not performed in accordance consensus standards designed to ensure the reliability and usability of test results." Doc. 93-1 at 1. In the Bases and Reasons for her Opinion, Ms. Arvizu itemizes the materials that she reviewed, and indicates that her "conclusions are based on the materials reviewed." *Id.*

Although the government reserved its right to object to Ms. Arvizu's testimony upon filing of the Amended Notice, Doc. 92 at 1, it has not done so. The Court finds that the Amended Notice, as supported by Ms. Arvizu's Report, is sufficient to allay the concerns raised by the government in seeking to preclude Ms. Arvizu's testimony. The Court further finds that Ms. Arvizu's testimony, in relaying to the jury the opinion that she formed as an expert in laboratory quality assurance and based on the materials that she reviewed, would assist the jury in assessing the reliability of the laboratory results. *See United States v. Beasley,* 102 F.3d 1448 (8th Cir. 1997) ("the reliability of the proffered test results may be challenged by showing that a scientifically sound methodology has been undercut by sloppy handling of the samples, failure to properly train those performing the testing, failure to follow the appropriate protocols and the like"). Accordingly, Ms. Arvizu will be permitted to provide expert testimony consistent with the opinions set forth in the Amended Notice.

Mr. Diaz, however, is cautioned that Ms. Arvizu must restrict her testimony to the problems that she notes in the records provided, without commenting on the records that were not provided or documents that are not in evidence. Depending on the content of Ms. Arvizu's testimony, the government will be permitted to cross-examine Ms. Arvizu about the scope of her review and whether she requested or had access to all pertinent documents. Further, Ms. Arvizu has not been qualified as an expert in forensic chemistry but rather is qualified only as an expert in laboratory auditing. Accordingly, her testimony must stay within the bounds of that specific expertise.

## CONCLUSION

Ms. Arvizu will be permitted to provide expert testimony consistent with her opinion and the bases therefore as set forth in the Amended Notice. Ms. Arvizu will not be permitted to testify as to documents that were not provided, or as an expert in forensic chemistry.

**IT IS THEREFORE ORDERED** that the government's Motion *in Limine* [Doc. 49] to Preclude Defense Expert Testimony is denied, consistent with this Memorandum Opinion and Order.

ENTERED this 22nd day of February 2024.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE