## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                          No. 24-CR-0032 MV

FRANCISCO DIAZ,

       Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on the government's Motion *in Limine* to Preclude Accusations of Government Misconduct. Doc. 28. The defense filed a Response [Doc. 46] and the government filed a Reply [Doc. 47]. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that the motion is well-taken and will be granted.

### DISCUSSION

The government asks the Court to enter an order excluding any allegations that DEA Special Agents violated Mr. Diaz's constitutional rights and caused emotional distress to him and his family, and to exclude any evidence that the Government took too long to bring Mr. Diaz to trial. Doc. 28 at 4–5. Mr. Diaz filed a response stating that he has no intention of making allegations about the legality of the search warrant or the constitutionality of his statement at trial. Doc. 46 at 1. However, he preserves his right to cross-examine government witnesses regarding inconsistencies or misrepresentations made in their reports, the search warrant, or in their testimony. *Id.* at 2. He also reserves the right to question witnesses about the quality, integrity, or bias of the government investigation. *Id.*

At the pretrial conference held on February 12, 2024, the parties indicated that, based on the defense's representations, there was no dispute over the issues that may properly be introduced

at trial. Specifically, the parties agreed that defense counsel would not raise arguments that Mr. Diaz's confession was coerced, that his family suffered emotional distress due to the actions of DEA agents, or that security camera footage from Mr. Diaz's home was lost due to the four-year delay in bringing Mr. Diaz to trial. Hearing Transcript ("Hr'g Tr.") at 70–71.[1] Accordingly, the Court granted the government's motion at the hearing. *Id.* at 72:22–25.

Additionally, the Court finds that defense counsel may cross-examine government witnesses about the actions they took throughout the course of the investigation, but the scope of cross-examination must be limited per counsel's agreement at the pretrial conference. In *United States v. McVeigh*, the Tenth Circuit held that generally, "the facts surrounding the government's investigation may become relevant" only when they would affect the reliability of a particular piece of evidence. 153 F.3d 1166, 1192 (10th Cir. 1992). In that same vein, evidence regarding the actions of law enforcement throughout an investigation may also be relevant to show motive or bias. *United States v. Wilson,* 605 F.3d 986, 1006–07 (D.C. Cir. 2010). In the instant case, defense counsel noted that she intends to cross-examine government witnesses about the preservation of evidence from the security cameras in Mr. Diaz's home, but maintained that she will not allege that the footage was lost due to the delay in bringing Mr. Diaz to trial. Hr'g Tr. at 71:19–25. Furthermore, the government agreed that defense counsel can cross-examine witnesses about such topics as the collection of fingerprint evidence or "plastic evidence bag handling." H'rg Tr. at 70:1–3.   It must be emphasized that this questioning would be relevant *only if* it affects the reliability of evidence or shows the witness's motive or bias.

Ultimately, "the introduction of evidence should not be based on speculation, create unfair

---

[1] The Court's citations to the transcript refer to the court reporter's original, unedited version; any final transcripts may contain slightly different page and/or line numbers.

prejudice, nor serve to confuse or mislead the jury." *United States v. Perrault,* No. 17-02558-MV-1, 2019 WL 1375666, at *2 (D.N.M. March 26, 2019). Thus, defense counsel's cross-examination regarding the investigation in this case must be in accordance with the parties' prior agreement and be either related to the reliability of certain evidence or be relevant to show a witness's motive or bias. Since the Court cannot, at this point, assess the relevance of any potential cross-examination by defense counsel, the Court will take up specific objections at trial.

**IT IS THEREFORE ORDERED THAT** the government's Motion to Preclude Allegations of Government Misconduct [Doc. 28] is granted and the Court will address specific objections to cross-examination at trial.

ENTERED this 22nd day of February 2024.

_____

MARTHA VAZQUEZ

SENIOR UNITED STATES DISTRICT JUDGE