**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                          No. 24-CR-0032 MV

FRANCISCO DIAZ,

        Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

THIS MATTER is before the Court on Francisco Diaz's Objections to Certain Witnesses Listed on the Government's Witness List [Doc. 89] and Mr. Diaz's Motion to Exclude Witnesses Disclosed in Violation of the Court's Discovery Deadlines and Amended Objections to Certain Witnesses Listed on the Government's Witness List [Doc. 105]. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds as follows: the objection to Deputy Kurt Whyte's testimony is overruled, the Court will reserve ruling on the objection to Edith Carrasco, and the objection to Joseph Soeka is moot. Furthermore, the Motion to Exclude Witnesses Disclosed in Violation of the Court's Discovery Deadlines [Doc. 105] is not well-taken and will be denied.

**DISCUSSION**

**I.      The Objections to Deputy Kurt Whyte's Testimony are Overruled.**

Mr. Diaz objects to Deputy Kurt Whyte's testimony as it is "irrelevant to the issues to be tried to the jury." Doc. 89 at 1. The government argues that his testimony is relevant because Deputy Whyte's lapel videos depict Mr. Diaz handing his wallet and flip phone to a Region III task agent. Doc. 106 at 12. Further, the government argues that Deputy Whyte's video of Mr. Diaz arriving at his home is relevant background evidence to show Mr. Diaz's arrival at his home. *Id.*

1

The Court finds that, as a general matter, Deputy Whyte's testimony is relevant. Rule 401 of the Federal Rules of Evidence states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. And "Rule 401 is a liberal standard" as it "establishes only a minimal level of probability." *United States v. Leonard,* 439 F.3d 648, 651 (10th Cir. 2006). Mr. Diaz's wallet contained $2,506 in cash, including some bills from prior controlled purchases, which the Court has already found are relevant to show intent to distribute. The flip phone contained a contact name for "Sloppy," which the Court has also found is relevant to show Mr. Diaz's motive to keep firearms in the home. Since Deputy Whyte observed Mr. Diaz handing over the wallet and phone, his testimony will allow the government to establish where the wallet and phone came from and that they did in fact belong to Mr. Diaz. Thus, his testimony would have a tendency to make it more likely that Mr. Diaz intended to distribute the cocaine and satisfies the low bar required by Rule 401.

Similarly, evidence of Mr. Diaz arriving at his home is relevant to show that Mr. Diaz did in fact speak with DEA agents on September 3, 2019 at his home, indicated where the cocaine and firearms were located in the master bedroom closet, and admitted that the cocaine and firearms belonged to him. Since there is no video evidence of the actual conversation with DEA agents, Deputy Whyte's testimony regarding Mr. Diaz's arrival in the home serves to corroborate the confession evidence, which the Court has already found is relevant and admissible. Accordingly, the objection is overruled.

**The Court Reserves Ruling on the Objection to Edith Carrasco.**

Mr. Diaz objects to testimony from Edith Carrasco, arguing that the testimony will not be relevant. Doc. 89 at 2. The government states that Ms. Carrasco's testimony will introduce Mr.

Diaz's claim for the Ruger pistol discovered in Mr. Diaz's shed. Doc. 106 at 12. Because the Court has reserved ruling on whether the claim for the Ruger is admissible, the Court will reserve ruling on Ms. Carrasco's testimony.

Mr. Diaz alleges that he has not received any reports from Ms. Carrasco or details regarding the substance of her proposed testimony. Doc. 89 at 2. The government is reminded of its ongoing discovery obligations pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), *Giglio v. United States,* 405 U.S. 150 (1972), and Rule 16 of the Federal Rules of Criminal Procedure, and is ordered to produce any pending discovery materials.

## II.     The Objection to Joseph Soeka's Testimony is Moot.

Mr. Diaz initially objected to testimony from Joseph Soeka, whom the government intends to call as an expert on iCloud data extraction, on the basis that the government has self-suppressed the iCloud data. Doc. 89 at 2. However, the government has since clarified that they will only introduce this testimony if they impeach Mr. Diaz using the iCloud data, which they are permitted to do. At the pretrial conference held on February 12, 2024, defense counsel stated that based on the government's representation, the initial objection was resolved. Hearing Transcript ("H'rg Tr.") at 84:1–2.[1] Thus, the objection is moot.

---

[1] Confusingly, despite defense counsel's representation at the pretrial conference on February 12, 2024, Mr. Diaz filed Amended Objections on February 15, 2024 in which he continues to object to Mr. Soeka's testimony on the basis that the iCloud data has been self-suppressed. Since it is clear that the iCloud data is admissible to impeach Mr. Diaz, and Mr. Soeka's testimony would only become relevant if the government chose to use the evidence in this way, the Court sees no basis for the continuing objection and chooses to adopt defense counsel's representations at the hearing as the defense's position.

III.   **The Motion to Exclude Witnesses Disclosed in Violation of the Court's Discovery Deadlines [Doc. 105] will be denied.**

In the instant case, parties were required to file witness lists by February 5, 2024. Doc. 12. On February 15, 2024, the government added two witnesses to an amended witness list: Gillian Polinko and Collin Stradling. In his Motion, Mr. Diaz asks the Court to preclude the government from calling Collin Stradling and Gillian Polinko at trial for untimely disclosure. Doc. 105 at 3–4. Ultimately, the Court finds that the Motion is not well-taken and will be denied.

Federal Rule of Criminal Procedure 16(d)(2) provides that if a party fails to comply with the Court's orders regulating discovery the Court may grant a continuance, prohibit that party from introducing the undisclosed evidence, or "enter any other order that is just under the circumstances." Fed. R. Evid. 16(d)(2). "District courts have broad discretion to sanction a party who violates discovery orders." *United States v. Golyansky,* 291 F.3d 1245, 1249 (10th Cir. 2002). When a party violates a discovery order, courts, in choosing the appropriate sanction, may consider "(1) the reasons for the delay, including whether or not the party acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the other party as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance." *United States v. Yepa,* 572 F. App'x 577, 582 (10th Cir. 2014) (citing *United States v. Wicker,* 848 F.2d 1059 (10th Cir. 1988)). "To support a finding of prejudice, the court must determine that the delay impacted the defendant's ability to prepare or present its case." *Golyansky,* 291 F.3d at 1249. !

With respect to Gillian Polinko, the government has represented that she will be replacing a witness on the government's original witness list, Praxedis Cortina, because Ms. Cortina is no longer able to testify during the scheduled trial date. Doc. 106 at 13. The government intended Ms. Cortina to testify about the iCloud data retrieved in this case. Doc. 72 at 1. Further, the government

has represented that it included Agent Polinko on the amended witness list because Agent Polinko was present at an evidence viewing with defense counsel on February 6, 2024, one day after the witness lists were due. Doc. 106 at 13. Because several exhibits were opened during the evidence viewing, Agent Polinko's name now appears in the chain of custody and the government argues that her testimony is required to ensure that there are no chain of custody issues at trial. *Id.*

Applying the relevant factors, the Court finds that, even though the discovery order was violated, no sanction is warranted.  First, there does not appear to be any bad faith involved in the delayed disclosure. The reasons for delay were a scheduling conflict with another witness and Agent Polinko's presence at an evidence viewing that occurred a day after the witness lists were due. Second, the defense has not alleged any prejudice from the untimely disclosure and the Court finds none. Defense counsel has known about the iCloud data since December of 2023 and has had ample time to review and prepare cross-examination of any witnesses who will testify about the data, should the government use it to impeach Mr. Diaz. Second, Agent Polinko's testimony relates in part to the chain of custody, rather than any material evidence. The government expects the testimony to last approximately ten minutes and the defense has not alleged that it does not have time to prepare cross-examination on this point. *Golyansky,* 291 F.3d at 1249 (to find prejudice, courts must find that the defense's ability to prepare its case has been hampered). Since the Court finds no bad faith and no prejudice, neither exclusion of the witness nor a continuance of the trial is required.[2]

Regarding Colin Strandling, the government has represented that the reason for the delayed

---

[2] Mr. Diaz also asks the Court to exclude Agent Polinko's testimony because it will be cumulative of Officer Thomas Novicki's testimony, as Officer Novicki was also present at the evidence viewing. Doc. 105 at 4. However, this does not change the fact that Agent Polinki's name now appears on the chain of custody. Thus, her testimony is relevant for the government to ensure that no chain of custody issues arise at trial and exclusion is not warranted on these grounds.

disclosure was due to an oversight by counsel, who failed to notice that the case agent, already noticed on the government's witness list, was not the agent who requested drug evidence from the South Central Laboratory. Doc. 106 at 14. Counsel's negligence in failing to notice this fact does not rise to the level of bad-faith conduct. *See United States v. Robertson,* No. 17-CR-2949, 2021 WL 1923761, at *2 (D.N.M. May 13, 2021) (government's "gross negligence" in failing to disclose critical impeachment evidence did not constitute bad faith conduct). Furthermore, although Mr. Diaz alleges that the defense will not be able to properly prepare cross-examination, the government has noted that Agent Strandling is mentioned on the relevant report and that defense counsel has had this report since November 6, 2023. *Id.* at 13. Mr. Diaz has not contradicted this fact. Furthermore, the Court finds it implausible that defense counsel will need significant time to prepare cross-examination as it relates to the chain of custody, since it appears that Agent Strandling's role was limited to requesting certain items of evidence from the South Central Laboratory and will not be testifying to any material issues in the case. Accordingly, even though the discovery order was violated, in the absence of bad faith and any prejudice to the defense, no sanction is warranted.

**IT IS THEREFORE ORDERED THAT:** The objection to Deputy Kurt Whyte's testimony is overruled, the Court will reserve ruling on the objection to Edith Carrasco, and the objection to Joseph Soeka is moot. The Motion to Exclude Witnesses Disclosed in Violation of the Court's Discovery Deadlines [Doc. 105] will be denied.

ENTERED this 23rd day of February 2024.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE