UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                           No. 24-CR-0032 MV

FRANCISCO DIAZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on the United States' Motion to Clarify Expert Testimony Order and for Other Relief. Doc. 125. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that the motion is well-taken and will be granted.

**I.**      **Clarification of the Court's Ruling on Special Agent Belida's Expert Testimony**

In its opinion on the defense's First Motion to Preclude Expert Testimony [Doc. 43], the Court noted that under Rule 702, the government must show "how the expert's experience has led to the conclusion reached, how that experience is an appropriate basis for the proffered opinion, and how the experience is reliably applied to the facts." The government states that "it is less clear how his experience would be reliably applied to the facts if [SA Belida] is not permitted to address the specific facts of this case at all under Rule 702."

Nothing in the Court's order indicates that SA Belida may not address the specific facts of the case *at all.* It precludes SA Belida from opining that the amount of cocaine seized in this case exceeds personal use and is instead consistent with distribution. He is also precluded from testifying about the specific value of the cocaine in this case. The government writes in relevant part: Will he be permitted to testify to what a "kilogram wrapper" is in the abstract, even if he does

1

not identify specific photographs as kilogram wrappers? If so, how would he be applying his experience to the facts? Doc. 125 at 2. In a prior order, the Court stated that witnesses would not be permitted to describe the plastic wrappers discovered in Mr. Diaz's closet as "kilo wrappers," the term used by the government, because this term assumes Mr. Diaz's guilt. SA Belida is permitted to, for instance, describe what a kilogram wrapper is in the abstract, and discuss similarities between what he has seen in his experience and the plastic wrappers depicted in the government's exhibits, without explicitly calling them "kilogram wrappers." Next, the government queries "If Special Agent Belida seeks to explain how a confidential source purchase works, how can he 'reliably apply' his experience to the facts?" Doc. 125 at 2–3. It is true that the Court has asked the government to show how the expert's opinion is a reliable application of his experience to the facts. Of course, this step is only required when the expert gives an opinion about the facts of the case. SA Belida is permitted to explain how a confidential source purchase works in the abstract if the government satisfies the first two steps by showing how his experience has led to the conclusion reached and how that experience is an appropriate basis for the conclusion.

The defense objects to SA Belida's opinion regarding controlled purchases because the government did not disclose them in its initial Notice. However, the Court finds that this is an appropriate discussion of SA Belida's prior experience, a summary of which was included in the initial Notice. *See* Doc. 30–1 at 2 (listing "confidential source utilization" as an area of expertise).

## II. The Court Will Permit the Government to Amend the Expert Notice for Special Agent Bryan Acee.

The Court's decision to limit SA Acee's testimony was premised on its finding that the general testimony that drug traffickers frequently carry firearms to protect themselves would not be helpful

to the jury.[1] The government now seeks to amend SA Acee's Notice to include the following opinions:

- He would testify to the relative advantages and disadvantages of specific types of firearms for drug traffickers.

- Second, Special Agent Acee would testify that, "in a 'stash' room, where large amounts of narcotics and items for manufacturing narcotics are located, drug dealers usually have firearms for protection from any potential robbery."

- Finally, Special Agent Acee would explain threats that may cause drug traffickers to possess firearms. Jurors are not familiar with, for example, disputes over purity, quantity, and pricing that can arise between sources of supply and traffickers.

Doc. 125 at 3–4. The Court agrees that, unlike the prior general testimony that drug traffickers generally carry firearms to protect themselves, these opinions are "beyond the ken of the average juror" and will thus be helpful to the jury to understand the evidence in this case. *United States v. Michael*, No. CR 06-1833, 2007 WL 9657855, at *3 (D.N.M. Nov. 15, 2007) (quoting *United States v. Tapia-Ortiz*, 23 F.3d 738, 740–41 (2d Cir. 1994)).

While prompt disclosure is favored and indeed necessary to "provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination," Advisory Committee Notes to Rule 16—1993 Amendment, the Court recognizes that this late disclosure occurred in part because the Court entered its opinion on this matter on February 23, 2024. In light of this, the Court finds it appropriate to allow the government to amend the Notice in order to present relevant and admissible testimony, in accordance with the Court's order. Of

---

[1] Contrary to the defense's argument, while the Court noted a potential conflict with the type of testimony proposed and Rule 704(b), the Court ultimately found that it was bound by Tenth Circuit precedent and did not restrict the testimony on Rule 704(b) grounds. While the Court notes that the amended testimony might run close to an opinion on the defendant's mental state, the Court cannot bar the amended testimony under Rule 704(b).

course, the Court recognizes the difficulty this poses for defense counsel. However, it should be noted that defense counsel has had ample time to prepare cross-examination as it relates to the initial opinion about the relationship with drug traffickers and firearms, and the additional opinions are not so dissimilar to the original opinion as to render this preparation obsolete. Furthermore, in order to mitigate potential prejudice to Mr. Diaz, the Court asks that the government call SA Acee towards the end of its case-in-chief so that defense counsel has additional time to prepare cross-examination.

### III. Voir Dire and Rule 29

The government requests permission from the Court to *voir dire* the jury venire on the relationship between firearms and drug traffickers. Because the government has not suggested specific questions, the Court will address the appropriateness of any proposed *voir dire* questions with the parties on February 26, 2024. The government has also requested that the Court bar the defense from arguing that a Rule 29 judgment of acquittal is required due to the government's failure to present expert testimony on the relationship between drug traffickers and firearms. Defense counsel has represented that upon raising a Rule 29 motion, the defense will not argue that the government did not present expert testimony on firearms, thus the government's request is moot.

### CONCLUSION

The Court has clarified the requirements to admit expert testimony. The government will be permitted to amend its Notice for SA Acee's testimony and the Court will address the appropriateness of any proposed *voir dire* questions on February 26, 2024. Defense counsel has agreed not to argue that a Rule 29 judgment of acquittal is required in part because the government did not present expert testimony about the connection between drug traffickers and firearms.

**IT IS THEREFORE ORDERED THAT:** The Motion to Clarify Expert Testimony Order and for Other Relief [Doc. 125] is granted, consistent with this Memorandum Opinion and Order.

ENTERED this 25th day of February 2024.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE