IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          No. 24-cr-032 MV

FRANCISCO DIAZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Francisco Diaz's Opposed Motion to Amend Judgment and Commitment Order Issued on March 6, 2025 [Doc. 175]. The Court, having considered the Motion and relevant law, finds that the Motion is not well-taken and will be denied.

### BACKGROUND

Following a jury trial, on March 1, 2024, Defendant Francisco Diaz was found guilty of one count of Possession with Intent to Distribute 500 Grams and More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). Upon his conviction, Mr. Diaz was remanded into custody. Doc. 171 at 1-2. On February 25, 2025, the Court sentenced Mr. Diaz to a term of 70 months in custody, followed by a term of five years of supervised release. The Court also imposed a fine of $25,000, with the sum to "be paid in full immediately or in monthly installments of $500 or 20 percent of the Defendant's monthly earnings, whichever is greater." Tr. at 26. At the sentencing hearing, defense counsel asked if the Court would be willing to reconsider the fine, given Mr. Diaz's "circumstances at this time," noting that Mr. Diaz was not

1

employed and could not access his money, and that it would be a significant burden on his family. Tr. at 27, 29. The Court responded that it "did consider his circumstances when deciding to impose it." Tr. at 29. The Judgment entered on March 6, 2025, reflects the Court's imposition of the $25,000 fine, ordering that "[t]his sum will be paid in full immediately, or monthly in the amount of $500 or 20% of the defendant's monthly earnings, whichever is greater." Doc. 172 at 6.

On the instant Motion, Mr. Diaz requests that the Court amend the Judgment to suspend his obligation to pay the fine until he is released from prison. Docs. 175, 177. The government opposes this request. Doc. 176. The Motion is now before the Court for decision.

## DISCUSSION

Mr. Diaz asks the Court to amend the Judgment "to reflect that payment of the $25,000 may begin within 60 days of Mr. Diaz's release from custody of the U.S. Bureau of Prisons." Doc. 177 at 2. The statutory provision that authorizes a district court, in the first instance, to impose a monetary fine, 18 U.S.C. § 3572, also authorizes that court, upon notice by the defendant of "a material change in [his] economic circumstances," to adjust the payment schedule ordered in its judgment. *Williams v. United States*, 120 F. App'x 284, 285 (10th Cir. 2005). Specifically, § 3572(d)(3) provides:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3572 (d)(3). Thus, the district court, in its discretion, may adjust the payment schedule it has set on a fine, but only where the defendant shows "that he has experienced the requisite change in circumstances." *Williams*, 120 F. App'x at 286. Further, even where a

defendant meets this requirement, "the language of '*adjusting* the payment schedule' clearly does not compel the district court to authorize a[ ] *suspension* of all payments." *Id.* (emphasis in original).

   Here, Mr. Diaz has failed to show that he has experienced a material change in his economic circumstances. In support of his Motion, Mr. Diaz rests his alleged inability to meet the current payment schedule on the fact of his incarceration, stating that "he is currently not employed as he is in custody and is unable to pay $500 per month while incarcerated." *Id.* Because he is in federal custody, he asserts, he "does not have access to his banking information to submit even a minimal payment toward the fine imposed, and notes that "inmates earn less than 50 cents per hour." Doc. 177 at 2. But the fact of his incarceration does not constitute a material change in Mr. Diaz's economic circumstances. *Williams*, 120 F. App'x at 285-86 (finding that defendant's motion to suspend payment on his fines until he was released from incarceration was not supported by any showing of a material change in economic circumstances). At the time of the sentencing hearing, Mr. Diaz was already in custody and, pursuant to his sentence, would remain there for 70 months. Accordingly, Mr. Diaz's continued "incarceration and inability to earn much money in prison was certainly contemplated by [this Court] when it crafted its payment schedule." *United States v. Banks*, 422 F. App'x 137, 140 (3d Cir. 2011); *see also United States v. O'Rourke*, No. 10-cr-235, 2011 WL 3035394, at *3(D.N.J. July 25, 2011) ("As to his claim of material change in his economic circumstances in connection with his incarceration, this change was hardly unexpected. It is not a material change. This change happens to nearly all felons sentenced to any period of incarceration."); *United States v. Thompson*, No. 11-cr-77, 2015 WL 4633526, at *1 (M.D. Pa. July 31, 2015) (finding that defendant's "restrictive ability to generate resources sufficiently through institutional

employment" at the BOP did not constate a material change in economic circumstances since the time of sentencing). Indeed, when defense counsel asked the Court to reconsider the fine because of Mr. Diaz's circumstances, the Court specifically stated that it *had* considered Mr. Diaz's circumstances when deciding to impose the fine and set the schedule for repayment thereof. Mr. Diaz has made no showing of a material change in his economic circumstances since the Court made that statement. Further, even if Mr. Diaz had made such a showing, nothing in the statute, which speaks to *adjusting* a payment schedule, suggests that it would be a proper use of this Court's discretion to *suspend* all of Mr. Diaz's payments for the entirety of his 70-month term of imprisonment. *Williams*, 120 F. App'x at 285.

## CONCLUSION

Mr. Diaz has failed to show that his economic circumstances have materially changed since the time of sentencing. Accordingly, he is not entitled to relief pursuant to § 3752(d)(3).

**IT IS THEREFORE ORDERED** that Defendant Francisco Diaz's Opposed Motion to Amend Judgment and Commitment Order Issued on March 6, 2025 [Doc. 175] is **DENIED**.

DATED this 24th day of September 2025.

_____
MARTHA VÁZQUEZ
Senior United States District Judge